IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| MICHAEL R. SHIELDS, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-1048-RGA |
| MICHAEL ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

MEMORANDUM

Having reviewed plaintiff Michael R. Shields' "Medical Records & Brief Summary Should Be Granted," the Court notes:

1. On December 3, 2010, pro se plaintiff Michael R. Shields ("Plaintiff") filed the present action seeking judicial review of a decision of the Social Security Commissioner ("defendant") denying Plaintiff's request for benefits. (D.I.2). The decision had become final for purposes of this appeal on September 29, 2010, when Plaintiff's request for review was denied. Defendant filed an answer on July 18, 2011. (D.I.9).

2. On July 25, 2011, the Court set a briefing schedule by which Plaintiff was to file a summary judgment motion and briefing by September 8, 2011. (D.I.12). Plaintiff did not do so. On October 5, 2011, the Court ordered Plaintiff to show cause for his failure to comply with the Court's July 25 scheduling order, and for his apparent failure to prosecute. (D.I.13). Plaintiff's subsequent October 14 filing consisted of one paragraph of about 58 words, generally alleging Plaintiff's health was "getting worse" and related medical issues that were consistent with that

1

summary description. (D.I.14). The Court interpreted that submission as an explanation for why the Plaintiff had not to date submitted a brief, and ordered Plaintiff to file a brief containing an argument as to why summary judgment should be granted in his favor by February 6, 2012. (D.I. 15).

3. On February 6, Plaintiff filed one paragraph generally requesting help due to his health, accompanied by sealed medical records and an application for public assistance dated January 2012. (D.I. 16, 17).[1] These submissions do not present any argument as to why summary judgment on the September 2010 denial of benefits should be granted in his favor.

4. The Court has reviewed the ALJ's decision, without the benefit of any assistance from the Plaintiff. The ALJ generally credited the Plaintiff's treating physicians, and appears to have adequately explained his decision, including his decision not to credit the claimant's cardiologist's opinion, stated on a one-page "check the box" form, that the Plaintiff could not work. Tr. 22. In a nutshell, the Plaintiff's two main physical complaints appear to have been coronary artery disease status post-stenting and seizure disorder. The Plaintiff reported that he walked an hour a day and had the capacity to lift up to 20 pounds. After the time when he was reporting that he was disabled, he injured his leg playing basketball. Tr. 574. Based on the Court's review of the record, it appears that the Plaintiff genuinely had medical impairments, but the record also demonstrates substantial evidence that he could have performed light sedentary work, and that such work was available. Therefore, the Court's opinion, unaided by any useful

---

[1] Plaintiff's current medical status is irrelevant to the issue of whether there was substantial evidence to support the ALJ's decision.

2

input from the Plaintiff,[2] is that the Administrative Law Judge's denial of benefits was based on substantial evidence. *See* 42 U.S.C. § 405(g).

5. The Court will dismiss this action for failure to prosecute, without prejudice. *See McCloud v. Massanari*, 13 Fed. Appx. 547, 2001 WL 710882 (9th Cir. 2001). A separate order will be entered.

                                       *[signature]*
                                       United States District Judge

---

[2] Before the ALJ, the Plaintiff had representation from a lawyer who appears to specialize in social security disability work.